Hattie Sawyer, Appellee, v. Iowa State Conference of the Bricklayers, Masons and Plasterers International Union of America, Appellant.

No. 43002.

November 12, 1935.

P. E. Ritz, for appellant.

L. M. Silliman and B. D. Silliman, for appellee.

MITCHELL, J.—Hattie Sawyer is the widow of M. G. Sawyer. He died on April 5, 1933, and at the time of his death was a bricklayer and mason by occupation. She commenced this suit in equity against the Iowa State Conference and the Iowa City Local No. 18, both being separate units of the Bricklayers, Masons and Plasterers International Union of America, to compel the payment of death benefits to the widow of a deceased member, to establish a trust in a portion of the mortuary fund, and, in the event of its being depleted, to enforce the making of an assessment against the membership of said organizations, and for general equitable relief.

The defendants filed answer, admitting they were doing business in Iowa as an association, but claiming that Mrs. Sawyer's husband was duly and legally dropped from the membership of said subordinate union on account of the nonpayment of dues and assessments owing by him for at least three consecutive months; that he was in the month of November, 1932, four months in arrears in the matter of payment of dues and assessments, and thereby ceased, under the constitution, rules, and regulations of said association, to be entitled to any of the benefits of said local, state, and national organization; that he was never duly or legally reinstated to membership; that he was not a member in good standing at the time of his death, and not entitled to participate in said mortuary fund of the defendants. Defendants also claimed that if M. G. Sawyer paid any dues or assessments to the secretary of the local lodge after he was duly and legally dropped from membership, said payments were not accepted with the authority or approval of either the state or national organization, but contrary to the rules of said organization; that the deceased was not a recorded member in the office of the secretary of the defendant association at the time of his death. Defendants also denied that proper proof of loss had been furnished, as required by the constitution, rules, and regulations.

To the answer the plaintiff filed a reply, in which she denied that her husband, M. G. Sawyer, was legally dropped from membership, and denied that he was in arrears in payment of dues to

the association; and further pleaded that if he ever had been dropped from membership he was fully reinstated; that he paid all assessments; that under a well-established practice and custom, reinstatement became automatic upon the payment of any delinquent dues and assessment; and that in any event the defendants had waived any provisions of its by-laws relating to reinstatement. She then pleaded estoppel, based upon the conduct of the defendant Iowa Conference in receiving and retaining assessments paid by the members, and claimed that she did furnish proof of death as required by the defendants.

The lower court found that the equities were with the plaintiff, and entered a judgment in her favor and against the Iowa State Conference of the Bricklayers, Masons and Plasterers International Union of America, and the Iowa City Local No. 18, in the sum of $400, together with interest and costs. The court ordered that any money or other property found in the mortuary fund of the defendants, or either of them, be impressed with the lien of the judgment therein declared; that said defendants and either of them were ordered to make a proper assessment on the membership of said organization in compliance with the constitution, rules, and regulations of said organization, to raise sufficient funds to pay said judgment and interest, within a reasonable time.

From this judgment and decree the Iowa State Conference has appealed. The Iowa City Local No. 18 did not appeal.

M. G. Sawyer was a bricklayer and mason by occupation. On October 4, 1922, he was initiated into the Iowa City Local No. 18 of the Iowa Conference of the Bricklayers, Masons and Plasterers International Union of America. There were three separate and distinct units in this organization; the local at Iowa City, the Iowa State Conference, with offices at Waterloo, and the International Union, with headquarters in Washington. One of the benefits of belonging to the association was that the Iowa State Conference maintained what was known as the mortuary fund. A part of the dues of each member of the local organization was contributed for the purpose of maintaining this fund so that upon the death of a member in good standing his widow was entitled under the rules and constitution to receive the benefits of the mortuary fund. At the time that Sawyer first joined the organization, the amount was $500, but later, by proper amendment to the constitution and

rules, it was cut to $400. No policy of insurance or benefit certificate was issued, but the members received what was known as a working card or due book and the constitution, laws, and working code of the Iowa State Conference. That Sawyer was duly initiated in 1922 is not denied; that he paid his dues in the amount of approximately $2.50 per month to the secretary of the local, No. 18 at Iowa City, is not denied. But he had the habit, as it seems was the custom of a great many members of the local at Iowa City, not to pay the dues each month, but to pay them sometimes one or two months in advance, and then again he would be in default some one, two, or three or four months, after which time he would make a payment, paying in full the dues. This method of paying dues continued over the entire period that Sawyer was a member, which was eleven years. The defense here raised is that under the constitution and by-laws the failure to pay dues for two months suspended a member, without notice, from the rights, benefits, and privileges under the constitution; and that if a member failed to pay dues for three consecutive months he was dropped, without notice, according to the rules and regulations. It appears without any question that Sawyer did not pay the said assessments and dues for July, August, September, and October of 1932, until December of 1932, when he paid to the secretary of the Iowa City Local No. 18, who was the collecting official of the Iowa Conference, the sum of $17.50, which amount paid up all the dues in arrears and the dues for December of 1932. Thereafter, he paid the dues each month as they became due, up until the time of his death, which occurred in April of 1933.

The constitution of the association did contain the clause that in case of the failure of a member to pay dues for a period of three months, without notice he was automatically dropped and could not be reinstated except upon proper application. But the appellee claims that this provision was waived due to the method in which business was conducted and the dues were accepted; that the waiver was due to the fact that the secretary of the local, No. 18 at Iowa City, accepted these dues; and that the custom and practice of paying dues had been to pay either in advance for a couple of months, or, when they became in arrears, to pay dues in a lump sum. To this contention the appellant answered that the secretary of the subordinate union under the constitution and by-laws had no right or authority

to accept any dues from any member who was three months or more in arrears, except in cases where permission had been granted by the executive board of the Iowa Conference, and that the executive board of the Iowa Conference never had granted permission in the case of M. G. Sawyer.

This record shows without any dispute that over the eleven-year period that M. G. Sawyer was a member of the appellant association he paid his dues. Sometimes he would pay in advance; again he would pay after the dues were in arrears two, three, or four months. This continued over this long period of time. Not only does the record show that this man paid in this way, but it shows that the secretary of the local at Iowa City collected dues from other members in the same manner.

This same question was before this court in the case of Clark v. Supreme Council, 200 Iowa 699, at page 704, 205 N. W. 355, 357, and this court, speaking through the late Justice Morling, said:

"We think that on the evidence the jury might reasonably conclude that the defendant, through its agent, the local lodge, adopted a method of business by which the assessments were habitually received after delinquency, and the assured recognized as continued in good standing and led to believe that the defendant was not insisting upon strict compliance with the terms of the contract as to time of payment; that he and those looking after his assessments were led by defendant to believe that he was not in suspense for nonpayment of the October, 1921, assessment; that both parties in their dealings with each other recognized the certificate as in force, and that the October and previous delinquent assessments were paid within the customary time and accepted by the defendant in acknowledgment of the existence of this custom and are still retained by it. Trotter v. Grand Lodge, 132 Iowa 513, 109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533; Collver v. Modern Woodmen, 154 Iowa 615, 135 N. W. 67; Conkling v. Knights & Ladies, 183 Iowa 665, 166 N. W. 384; Fahey v. Ancient O. of U. W., 187 Iowa 825, 174 N. W. 650; Duncan v. Great Western Acc. Ins. Co., 192 Iowa 716, 185 N. W. 459."

The appellant says that the secretary of the local at Iowa City under the constitution and by-laws, being only the secretary of the local union, did not and could not waive the forfeiture in-

curred by Sawyer; that his authority to collect delinquent dues was expressly restricted by the constitution.

This same question confronted this court in the case of Fahey v. Ancient Order of U. W., 187 Iowa 825, 174 N. W. 650. On page 832, this court said:

"Counsel for appellee suggests that this conclusion is obviated by a clause in sections of the by-laws, relating to reinstatement, saying that 'no act or statement of any officer of the subordinate lodge or of the Grand Lodge shall be deemed, or constitute a waiver of such suspension.' But this does not prohibit a waiver by the Grand nor by the subordinate lodge, which also is an agent of the Grand Lodge. The local financier testified to reporting to the Grand Lodge two or three weeks after collecting assessments and dues and to remitting these to it. The Grand Lodge then must have been advised since 1912 of the fact, if such it be, that the financier was accepting payments of assessments after the time limit specified in the by-laws, without application, stating condition of health, and interposed no objection. There is no pretense that it interfered in any way to restrict the financier in his method of transacting the business, and the finding was open to the jury that the requirement of an application reciting the suspended member's condition precedent to reinstatement had been waived by the Grand Lodge. Schlosser v. Grand Lodge of Bro. R. Trainmen, 94 Md. 362, 50 A. 1048. This view is strengthened by the circumstance that the collection of assessments and dues and the reinstatement of members were left largely to the financier and the subordinate lodge. Even the notices of assessments were sent out by the financier, and the Grand Lodge, in receiving the assessments and dues from the financier, without objection to any irregularities in their collection or the mode of reinstatement pursued, manifestly waived strict compliance with the rules laid down in the by-laws."

In the case at bar the collection of dues was placed in the hands of the secretary of the local at Iowa City. He was the one that collected the dues and remitted to the Iowa State Conference and International Union of America. It was his duty to remit the dues as they were paid. So the Iowa Conference and the International Union must have known that he was collecting dues from members who were in arrears for a longer time than the constitution provided. And, certainly, in view of such

812

a record, they would now be estopped from coming in and claiming that the secretary of the local had no authority to collect these dues. This is a case in which the record shows that M. G. Sawyer for a period of eleven years paid all of the assessments required of him. None of these dues have ever been refunded, neither is there any offer to refund them. It would be exceedingly unfair to permit the local to collect these dues and then to say, when death occurred, and liability under the contract arose, that because at one time for three months the dues were not paid, as required by the constitution, the beneficiary could not recover the amount due her. This case was tried in a court of equity, and certainly the equities were with the appellee.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and ANDERSON, POWERS, HAMILTON, DONEGAN, RICHARDS, and PARSONS, JJ., concur.